WERNER, PLAINTIFF-APPELLANT, v. BUCKEYE UNION CASUALTY COMPANY AND KEATING, A MINOR, ETC., DEFENDANTS-APPELLEES.

Ohio Appeals, Eighth District, Cuyahoga County.

No. 26730.   Decided February 5, 1964.

*Messrs. Dudnik, Komito, Nurenberg, Plevin, Dempsey & Jacobson,* for plaintiff-appellant.
*Mr. James A. Chiara,* for defendants-appellees.

Skeel, C. J.   This appeal comes to this court on questions of law from a judgment entered for the defendant, Buckeye Union Casualty Company, after the trial of the issues made by the supplemental petition and the answer thereto in the Court of Common Pleas of Cuyahoga County.  The plaintiff brought suit against Robert J. Keating, a minor, whose answer was filed by a guardian ad litem.  After he reached his majority, trial was had to the court, a jury having been waived, and judgment entered for the plaintiff.  Thereafter, Buckeye Union Casualty Company was made a new party defendant, and a supplemental petition was filed.  The plaintiff died and the case was revived in the name of the executor of his estate, Harry H. Cole.  The allegations of the supplemental petition are that the new defendant is an insurance company authorized to do business in Ohio; that on the 8th day of October, 1957, the "deceased plaintiff" recovered a judgment against Robert J. Keating, original defendant herein, which, to the date of the filing of the supplemental petition, had not been satisfied; and that Keating, at the time of the accident, was insured under the terms of a policy issued, by the new defendant, to Frank Pelicano against loss or damage on account of bodily injury or property damage to any person resulting from the operation of the automobile which was involved in the accident and which Keating was then driving.  The supplemental petition was filed on the authority of Section 3929.06, Revised Code.  The new defendant, by answer, among other denials, particularly denied that Keating was covered by its policy of insurance issued by it to Frank Pelicano.

In answer to interrogatories submitted, the new defendant admitted issuing a policy of liability insurance to Frank Pelicano covering his 1952 Buick which policy of liability insurance was in force on April 21, 1954 (the day of the accident) and that the policy had a monetary coverage of $10,000 and $20,000.  Stipulations between the parties admitted that plaintiff had recovered a judgment against Keating of $4150.00, that the executor was legally appointed for the deceased plaintiff, who was quali-

fied to act in that case, that the policy of liability insurance issued by the new defendant covered Pelicano's 1952 Buick, and that the policy would be produced in court upon trial of the issues raised by the supplemental petition.

All affirmative allegations of the answer are denied by the reply.

The journal entry of the trial court, journalizing the judgment entered upon the trial of the issues on the supplemental petition, recites that the case was tried on the pleadings, stipulations, evidence and arguments of counsel. The trial court held that the policy of insurance issued to Frank Pelicano covering his Buick automobile did not cover the defendant, Robert J. Keating, in the accident of April 21, 1954, and that no liability arises against Pelicano by reason of the judgment entered against Keating.

The notice of appeal was filed October 22, 1963, on questions of law and fact. This court dismissed the appeal on law and fact, retained it on law, and gave plaintiff-appellant thirty days within which to file a bill of exceptions. No bill of exceptions was filed. A "Memorandum By The Court, September 26, 1963" is found in the transcript, stamped as filed with the Clerk of the Court of Common Pleas on October 14, 1963. No request for findings of fact and conclusions of law was made, and the memorandum was not journalized. The memorandum recites that the question presented is whether or not Keating was covered by an insurance policy issued to one "Pelicano" at the time of the accident while he, Keating, was driving Pelicano's automobile.

It states that Keating was an employee of Pelicano as a pin setter in his (Pelicano's) bowling alley, that Pelicano entered into an agreement with Keating to wash and wax Pelicano's vehicle which was then parked in a multiple garage near Pelicano's place of business and Keating's home, that Keating was to do the work of washing and waxing the automobile for $10.00, that the keys were in the automobile for the reason that it might be necessary to move it to accommodate other tenants using the garage, that both Keating and Pelicano contemplated the washing and waxing would be done in an area outside the garage, but that the proprietor refused Keating the right to use the

water there available.  The memorandum also states that evidence contained in a statement made by Keating at the time of the accident to the effect that he took the vehicle to his house where he washed it with the help of his brother, that he then drove it a few blocks away to collect $5.00 from a person to whom he had loaned that sum, and that while returning to the garage, he had the accident.  The memorandum further says that upon the trial of this case, he, Keating, testified that he took the automobile to an auto wash where it was washed for $1.50 and that he made arrangements while at the auto wash by phone to collect the five dollar debt and proceeded to collect it, which was on the way back to the garage.  The memorandum then states:

"He gave a reason and the circumstances for the substantial difference between his inconsistent statement and testimony, the conflict as to which we are not compelled to resolve.

"There is no conflict that Keating did not have the expressed consent of Pelicano to operate the vehicle off the parking premises and on the public streets."

After stating the obligations of the insurance policy, the memorandum states:

"Under the policy, the insured is defined, as limited to this instant case, as any person using the automobile if the actual use is by the named insured or with his permission, except that it excludes any person operating an automobile repair shop or service station."

The memorandum also states that it is agreed that there is no question of agency presented and that the case comes squarely within the rules enunciated in *Councell* v. *Douglas* (1955), 163 Ohio St., 292, 126 N. E. (2d), 597, that the relationship between Pelicano and Keating as to the agreement to wash and wax the automobile was an independent contractual one, and that the owner could not be liable for the negligence of the independent contractor.  The memorandum further states that there is no evidence of either express or implied consent to the operation of the automobile by Keating and that even if there were, the work being done by Keating was of the kind performed by service stations or repair shops, and, therefore, the exclusions of the policy eliminated any possible liability under these provisions.

All other statements in the memorandum are either conclusions of fact or law based on evidence which is not set out, and concerning which no bill of exceptions has been filed. On the face of the record, if the opinion or memorandum is considered as a part of the record which, of course, it is not, the judgment for the insurance company is correct.

The errors claimed by the appellant, as filed with the brief on the merits, are:

"The order of the Common Pleas Court, journalized on October 14, 1963, should be reversed because of the errors therein, to-wit:

"1. The grounds stated by the trial court are not in point with the fact situation.

"2. They are against the manifest weight of the evidence.

"3. They are contrary to the established law applicable."

A motion was filed to dismiss the appeal for the reason that, without a bill of exceptions, this court would be unable to consider the errors thus claimed which do not appear on the face of the record, and was granted. The plaintiff then filed the motion now before the court, seeking an explanation of the dismissal which was entered. The plaintiff states in his brief that a bill of exceptions is not a requisite for appellate consideration on an appeal on questions of law. While this statement cannot be questioned, it is equally true that where the question to be determined on appeal is one to review the determination of fact from the evidence introduced upon trial of the issues in the trial court, the evidence necessary to a consideration of the questions presented must be contained in a bill of exceptions and certified by the trial court. The only exception to this rule is that provided for the returning of conclusions of fact and law by the trial court when the court was the trier of the facts under Section 2315.22, Revised Code. The appellant seems to rely on the memorandum written by the trial court which is stamped "filed" but was not journalized. Such a paper, filed but not requested or journalized as findings of fact and conclusions of law cannot be considered by the Court of Appeals in testing the determination of fact and the judgment based on the facts as found and the applicable law. *Andrews, Jr., d. b. a.* v. *Board of Liquor Control*, 164 Ohio St., 275, 131 N. E. (2d),

390; Skeel's Ohio Appellate Law, 1963 Cumulative Service, Para. 285-1, page 119. Since what is found on the face of the record supports the judgment, the errors claimed on appeal cannot be reviewed without a bill of exceptions, and the motion, which will be considered as one for further consideration of the case, is overruled.

SILBERT and CORRIGAN, JJ., concur.